UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

CORNERSTONE VENTURE LAW, PLC, )
et al., )
 )
       Plaintiffs, )
 )
v. ) Civil Action No. 1:11-cv-940
 )
SONIA KOCHHAR, )
et al., )
 )
       Defendants. )

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Cornerstone Venture Law, PLC's and third-party Defendant David A. Temeles Jr.'s (collectively, the "Plaintiffs") Motion for Summary Judgment Against Sonia Kochhar and Motion for Summary Judgment Against Gina Kochhar. These Motions concern Defendant Sonia Kochhar's and third-party Plaintiff Gina Kochhar's Counterclaim allegations that the Plaintiffs committed a series of mistakes, amounting to legal malpractice, in connection with their legal representation of the Kochhars in a Will contest underlying the instant action. With respect to both Motions before the Court, the issue is whether Sonia and Gina Kochhar have adduced sufficient evidence of malpractice damages proximately caused by the Plaintiffs' acts and omissions during the underlying litigation.

This action arises out of Sonia Kochhar's and her minor daughter Gina Kochhar's (collectively, the "Kochhars") decision to engage Cornerstone Venture Law, PLC, a Virginia law firm, specifically David A. Temeles Jr., to represent them in an attempt to contest the validity of the August 31, 2005 Will (the "August 2005 Will") of Jaspal Kochhar, Sonia Kochhar's deceased father. The Kochhars contended that Jaspal Kochhar, due to intensifying dementia, lacked testamentary capacity to execute the August 2005 Will and that the August 2005 Will was the product of the undue influence of Jaspal Kochhar's wife, Kim Nguyen ("Nguyen").

This Will contest was litigated in Circuit Court of Fairfax County, Virginia by the Kochhars against Nguyen (the "Underlying Litigation"). Plaintiffs represented the Kochhars in the Underlying Litigation, which culminated in a three-day jury trial on February 14, 2011 on two counts: (i) lack of testamentary capacity; and (ii) undue influence. The jury in the Underlying Litigation returned verdicts against Kochhar and in favor of Nguyen on both counts.

In the weeks following, the Kochhars engaged new counsel and the Plaintiffs were permitted to withdraw from their representation of the Kochhars. In May of 2011, Sonia Kochhar's mother, Baljit Kochhar, caused to be admitted to probate a subsequent Will of Jaspal Kochhar, executed in September of

2

2005, one month after the August 2005 Will. Accordingly, the Clerk of Court for the Circuit Court of Fairfax County, Virginia entered an order, pursuant to Virginia Code Ann. § 64.1-77, that "[The September 2005] is ESTABLISHED and ADJUDGED to be the true last will and testament of Jaspal Kochhar, deceased, and is ORDERED to be recorded as such." Plaintiffs were not informed of the existence of the September 2005 Will for some time after the conclusion of the Underlying Litigation.

The September 2005 Will indicates a fundamental change in the objects of Jaspal Kochhar's bounty from the August 2005 Will. Specifically, the September 2005 Will, in addition to restoring Sonia Kochhar as the Executrix of Jaspal Kochhar's Estate as she had been previously under Jaspal Kochhar's 1999 Will, provides for a significant disposition of personal property to Gina Kochhar, who was notably absent from and not a direct beneficiary of the August 2005 Will. The September 2005 Will also names both Sonia and Gina Kochhar as beneficiaries of the residuary estate. Nguyen, who was named as Jaspal Kochhar's Executrix in the August 2005 Will, provided for entirely under that Will, and who prevailed in the Underlying Litigation, receives absolutely nothing under the September 2005 Will. Nguyen has filed a challenge to the September 2005 Will that is pending in the Circuit Court of Fairfax County, Virginia.

Contemporaneous to the foregoing, Plaintiffs made numerous attempts to collect from the Kochhars the legal fees incurred in connection with Plaintiffs representation of them in the Underlying Litigation over the August 2005 Will. Unable to collect, Plaintiffs initiated the present action on September 6, 2011 by filing a single-count Complaint for breach of contract against Sonia Kochhar over the unpaid legal fees.

On December 20, 2011, Sonia Kochhar counterclaimed and third-party claimed, on behalf of her minor daughter, Gina Kochhar, as next friend, against the Plaintiffs, alleging their legal malpractice in the Underlying Litigation.[1] Specifically, the Kochhars allege that Plaintiffs breached their duty of care and competency by failing to plead the various causes of action correctly, failing to name proper parties, failing to designate certain expert witnesses, failing to list trial exhibits, failing to engage in certain discovery, failing to assert certain pretrial motions, failing to examine and/or cross examine certain witnesses at deposition and at trial, stipulating that the challenged Will was valid and properly

---

[1] Initially, the Kochhars also asserted the malpractice claim against Olivia Kunkler, now known as Olivia Fines, who is an attorney at Cornerstone Venture Law, PLC, and, along with David E. Temeles Jr., represented the Kochhars in the Underlying Litigation. However, by Order dated July 17, 2012, this Court granted the Kochhar's Consent Motion for the voluntary dismissal of their malpractice Counterclaim as to Olivia Fines.

4

executed, failing to call certain trial witnesses, failing to properly object to testimony and evidence at trial, as well as other deficiencies during the course of the litigation and the trial. The Plaintiffs now move the Court for summary judgment on the Kochhars' Counterclaim pursuant to Federal Rule of Civil Procedure 56.

The Court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. Rule 56 mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court construes all reasonable inferences in favor of the non-moving party when determining whether there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The mere existence of some disputed facts does not merit a trial unless the disputed facts are material to an issue necessary for proper resolution of the case and the quality and quantity of the evidence offered to support a question of fact are adequate to support a jury verdict. Thompson Everett, Inc. v. Nat'l Cable Adver., L.P., 57 F.3d 1317, 1323 (4th Cir. 1995).

In an action for legal malpractice in Virginia, the party asserting malpractice must plead and prove the following elements: (i) the existence of a relationship between the attorney and said party that gave rise to a duty; (ii) the attorney's neglect or breach of that duty; and (iii) that the neglect or breach was a proximate cause of the loss to the party asserting malpractice ("but for" the attorney's negligence said party would have prevailed in the underlying action). Hendrix v. Daugherty, 457 S.E.2d 71, 74 (Va. 1995) (internal citation omitted). Perhaps most critically, a plaintiff is also "required to plead and prove that he sustained damages proximately caused by the attorney's acts and omissions." Id. Thus, merely demonstrating attorney negligence or breach of a duty is insufficient to support an action for legal malpractice. Campbell v. Bettius, 421 S.E.2d 433, 436 (Va. 1992) (internal citation omitted) ("client must prove that the attorney's negligence proximately caused the damages claimed."); Duvall, Blackburn, Hale & Downey v. Siddiqui, 416 S.E.2d 448, 450 (Va. 1992) (internal citation omitted) ("Damages resulting from the negligence of an attorney are not presumed. Rather, the client has the burden of proving that the damages claimed were proximately caused by the attorney's negligence.").

Here, Sonia Kochhar does not and cannot adduce sufficient evidence of damage from any acts or omissions by the Plaintiffs

in the Underlying Litigation because the existence of the September 2005 Will moots the challenged outcome of the unsuccessful Will contest to the now inoperative August 2005 Will. Virginia law is well-settled that the execution of a subsequent Will that contains a previous Wills and Codicils revocation clause, such as the September 2005 Will of Jaspal Kochhar, has the legal effect revoking all of the decedent's previous Wills, including the August 2005 Will. The Order of the Clerk that admits the September 2005 Will to probate further confirms the September 2005 Will's legal status as the operative Will of Jaspal Kochhar. Because the September 2005 Will now stands to govern the disposition of Jaspal Kochhar's Estate, no act or omission by the Plaintiffs in connection with the August 2005 Will could have harmed Sonia Kochhar and constituted malpractice. It follows, therefore, that any claims of prejudice allegedly suffered by Sonia Kochhar over the temporary validity of the August 2005 Will are now mooted by the operative September 2005, leaving Sonia Kochhar undamaged.

In spite of the existence of the subsequent September 2005 Will, Sonia Kochhar attempts to establish damage that remains from the Underlying Litigation by contending that had she prevailed in the Underlying Litigation, irrespective of the September 2005 Will, Nguyen would have been collaterally estopped from claiming that Jaspal Kochhar had testamentary

7

capacity to execute two earlier powers of attorney in Nguyen's favor, allowing Sonia Kochhar to pursue her claim for conversion against Nguyen. However, this Court is unaware of any legal obstacle that prevents Sonia Kochhar from challenging Nguyen's allegedly injudicious transfers under the earlier power of attorneys. Even assuming the truth of the matter, it is incumbent upon Sonia Kochhar to evidence her damages, and her failure to seek even an accounting under the earlier power of attorneys for use by this Court suggests that any losses she may have are not a proximate result of any of the Plaintiffs' alleged acts or omissions during the Underlying Litigation. Thus, merely positing that a loss remains from the Underlying Litigation, without more, precludes any reasonable trier of fact from finding in Sonia Kochhar's favor. Accordingly, summary judgment is appropriate against Sonia Kochhar and in favor of the Plaintiffs on the malpractice Counterclaim.

Similarly, Gina Kochhar fails to adduce any evidence of damages proximately caused by Plaintiff's alleged acts or omissions during the Underlying Litigation. It is undisputed that Gina Kochhar, the minor daughter of Sonia Kochhar, was a not a direct beneficiary under the August 2005 Will of her grandfather, Jaspal Kochhar. As such, Gina Kochhar did not stand to benefit from a successful challenge by to the August 2005 Will and, likewise, could not have been harmed or

disadvantaged by the unsuccessful challenge to the August 2005 Will that was undertaken by the Plaintiffs. Although Gina Kochhar raises the similar argument that her inheritance was affected by the alleged malpractice because, had the Underlying Litigation been successful, Nguyen would have been collaterally estopped from claiming that Jaspal Kochhar had testamentary capacity to execute two earlier powers of attorney in Nguyen's favor, her contention remains unavailing for the reasons stated above. Summary judgment is therefore appropriate against Gina Kochhar and in favor of the Plaintiffs.

For the foregoing reasons, the Court grants Plaintiff Cornerstone Venture Law, PLC's and third-party Defendant David A. Temeles Jr.'s Motion for Summary Judgment Against Sonia Kochhar and Motion for Summary Judgment Against Gina Kochhar.

An appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
September 10, 2012